**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria,<br><br>    Plaintiff,<br><br>v.<br><br>Sunrun Inc.,<br><br>    Defendant. | No. CV-19-05643-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on two Motions for Reconsideration filed by Plaintiff. (Docs. 14 and 15). Both relate to the Court's denial of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order ("TRO"), and the Court's construing those requests as a Motion for Preliminary Injunction. (Doc. 12).

Plaintiff states that subsequent to the Court issuing its Order, Defendant terminated Plaintiff. (Doc. 14). Plaintiff therefore states that a "majority of the terms originally proposed for protection, as they relate to my ongoing employment with [Defendant], are no longer relevant . . ." (Doc. 14 at 5). He further states that the "Court should deny [his] specific requests as they are now moot." (Doc. 14 at 7). In his Motion for Reconsideration, Plaintiff seeks all previous requests to be "replaced" with new terms, including preventing Defendant from disclosing his confidential medical information, and from spreading false information with government agencies. (*Id.* at 7-8).

**I.     Motion for Reconsideration Legal Standards**

The Court has discretion to reconsider a prior order. *Barber v. Hawaii*, 42 F.3d

1185, 1198 (9th Cir. 1994). However, motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Motions for reconsideration in the District of Arizona are governed by LRCiv 7.2(g)(1), which provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through - rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Disagreement with an order is an insufficient basis for reconsideration. *Ariz. Dream Act Coal. v. Brewer*, 945 F. Supp. 2d 1049, 1078 (D. Ariz. 2013). Nor should reconsideration be used to make new arguments or to ask a court to rethink its analysis. *See id.* (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

## II. Analysis

While the Court agrees that Plaintiff's termination is certainly an additional fact and change of circumstances that was not present when he filed the TRO, reconsideration of the Motion would not afford Plaintiff a remedy. This is because his initial TRO requested protection from firing. That action has now taken place. Moreover, and as the Court previously stated, Plaintiff has not established that he will suffer irreparable injury before Defendants can be heard in opposition with respect to the alleged disclosure of medical information or false information. Fed. R. Civ. P. 65(b)(1). The Court also notes that it has Ordered Defendant to respond to the Motion for Preliminary Injunction (Doc. 2), but that Defendant has apparently not yet been served and no Notice of Appearance has been entered by Defendant on the docket.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration (Docs. 14 and 15) are **denied**.

Dated this 12th day of December, 2019.

Honorable Diane J. Humetewa
United States District Judge

---

[1] Plaintiff filed a Notice that service was executed on "Arena Hoffman LLP," but that entity is not listed as a Defendant in Plaintiff's Complaint, nor on the Court's docket. (Doc. 16).