RONALD D. ARENA, Bar No. 218421
CONOR D. MACK, Bar No. 253878
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email: rarena@arenahoffman.com
cmack@arenahoffman.com

Attorneys for Defendant
SUNRUN INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL T. DORIA, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNRUN INC.,<br><br>    Defendant. | Case No. CV-19-05643-PHX-DJH<br><br>**DECLARATION OF BRIAN DONOHO IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND MOTION FOR RECONSIDERATION** |

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DONOHO DECL.                                                    Case No. CV-19-05643-PHX-DJH

I, Brian Donoho, declare and state as follows:

1.  I am Regional Service Manager, Inside Sales for Sunrun Corporation ("Sunrun" or the "Company") and make this declaration in opposition to the Motions of Plaintiff DANIEL DORIA ("Plaintiff" or "Doria") for a Preliminary Injunction and for Reconsideration. This declaration is based upon my own personal knowledge and my review of Company records over which I have responsibility in my capacity as Regional Service Manager, Inside Sales. If called upon to testify regarding the matters set forth herein, I could and would competently do so.

2.  I was Doria's immediate supervisor during his brief period of employment at Sunrun from June 3, 2019 until his termination on November 19, 2019. During his employment, Doria was an Inside Sales Consultant. Attached hereto as Exhibit A is a true and correct copy of the offer letter given to him.

3.  I am aware that Doria has made a number of claims about promises I allegedly made to him at the outset of his employment. Without going into a point-by-point response, these claims are untrue. I never told Doria anything or made any promises about his compensation that was different from what was set out in the attached offer letter.

4.  During Doria's employment, he had an accommodation to work in a place free from distractions, so he was allowed to work remotely. Doria has claimed in this action that I interfered with his accommodation by stating that he was not allowed to work remotely. This is untrue. Doria is evidently referring to an email I sent to him on September 30, 2019, a true and correct copy of which is attached hereto as Exhibit B. The email reads as follows:

> I really need you to step up today; we can't emd at 0 deals on the month when the min expectation is 6. Let me know what I can do to help; the last thing I want is to have to put you on a performance plan if next month doesn't pick up. If being back in the office is the trick let's do it or if you need me listening to more calls!?

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DONOHO DECLARATION                    2.                    Case No. CV-19-05643-PHX-DJH

DocuSign Envelope ID: F33EE786-6230-43A7-B9E3-94A4A1358D71

> What ever you need but you need to ask for help.
>
> You were doing so well last month I've left you alone unless you've needed help but starting this week I think we need more call calibrations together which I'll schedule
>
> You got this.

5. I never once said that he was not allowed to work remotely or that working remotely was causing his sales to go down. I did not know whether his working remotely had any impact on his sales performance. What I did know was that zero sales for the month was an issue. After his accommodation was granted, Doria said that he would be willing to come into the office as needed. In my email, I was simply offering examples of things he might consider to improve his sales performance, including by coming into the office if he wanted to as he previously suggested. Throughout the remainder of his employment, he continued to work remotely and was not in any way penalized for it to my knowledge.

6. In Doria's Complaint, he accused me of removing him from a Google Chat room because he did not get along well with others. The reason Doria was removed from the Google Chat room was because he requested no further communication from me. Removing him from the room was at his request. He was still permitted to communicate with anyone else freely. The context in which the issue arose is reflected in an email exchange, a true and correct copy of which is attached hereto as Exhibit C. To summarize, because of Doria's refusal to follow Sunrun's protocols for finalizing the sale of a solar installation project, I had to do it for him. When Doria questioned this, I explained that his failure to follow these procedures resulted in my having to finalize the process. He then sent the email communication to HR, and claimed that my taking over the project was a form of "economic retaliation, and harassment." Doria, who works partly on commission, was apparently trying to claim that my taking the project to completion interfered with his

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DONOHO DECLARATION — 3. — Case No. CV-19-05643-PHX-DJH

commission. As he knew at the time, this was untrue. Doria knew that he would still get the full commission in spite of his failure to follow Sunrun protocols. He then sent another email to HR demanding that I "cease all abusive and harassing communications." Because any further communications from me would clearly be considered by him to be harassing, we decided to remove him from the Google Chatroom so that I would no longer be able to communicate with him directly without review by HR. Doria was free to communicate as he wished with any other members of the team.

7. In Doria's motion for reconsideration of the Court's denial of his TRO, he accused me of spreading false and defamatory statements about him. I have done no such thing. Any communications I have had about Doria have been entirely truthful and were only done on an internal basis for business reasons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___1/15/2020___, at Mesa, AZ.



BRIAN DONOHO

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

# EXHIBIT A



4/26/2019

Dear Daniel,

Sunrun, Inc. (the "Company" or "Sunrun"), is pleased to offer you the full-time non-exempt position of Inside Sales Consultant, reporting to Brian Donoho, Manager, Inside Sales. This position is located at the following Sunrun location: CORPORATE - AZ - Scottsdale Call Center.

Your proposed first day of employment ("Proposed Start Date") will be 6/3/2019. Upon completing and passing the Sunrun background check, your first day of employment ("Confirmed Start Date") will be confirmed via email notification. You recognize that Sunrun is a quickly growing and evolving organization, and as such the Company may periodically change your Proposed Start Date, position, duties, and work location, as it deems appropriate.

**HOURLY RATE**
Your hourly rate will be $14.00, less applicable tax withholdings, and will be paid bi-weekly. As a non-exempt employee you are also entitled to receive overtime in accordance with applicable state and federal law.

**VARIABLE INCENTIVE COMPENSATION**
In addition to your hourly rate, you will also be eligible to earn additional incentive compensation subject to the Terms and Conditions of the Company's variable incentive compensation plan applicable to your position. You will be provided a copy of Sunrun's Inside Sales Consultant Incentive Plan applicable to your position within seven (7) days after your Confirmed Start Date, which you must read and sign before you are eligible to earn any incentive compensation.

Your annual estimated Total Target Compensation will be $74,120.00 ($29,120.00 plus $45,000.00, or $3,750.00 monthly) less applicable taxes, deductions, and withholdings.

Total Target Compensation is the amount you are eligible to earn in base pay and variable compensation, less applicable taxes, deductions, and withholdings. Your actual Total Target Compensation will vary depending on your performance level under the variable compensation plan applicable to your position.

The Total Target Compensation is based on a 40 hour/week schedule. Total Target Compensation for employees working less than 40 hours/week is prorated based on actual hours worked.

Incentive compensation plans are subject to change at the Company's discretion.

**BENEFITS**

As a regular full-time employee of Sunrun, you will be eligible to participate in certain Company-sponsored benefits beginning the first of the month following your Confirmed Start Date. Please see the separate Benefits Summary for information. Sunrun may modify compensation and benefits periodically, including canceling benefits or changing providers.

**PAID TIME OFF**
As an employee, you will also be eligible to receive certain employee benefits including annual Paid Time Off (PTO). The accrual and use of PTO is governed by the Company's latest PTO policy, which is attached to this letter, and in accordance with any applicable law. The Company may modify benefits, including but not limited to its PTO policy, from time to time as it deems necessary and in accordance with any applicable law.

**BACKGROUND CHECK & PROOF OF ELIGIBILITY**
Your employment is contingent upon the Company's receipt of proof of eligibility to work in the United States within three (3) business days of your date of hire and completion of a satisfactory reference check. This offer of employment, even if you have already commenced employment, is also contingent on you passing a criminal background check and if applicable, a 5-panel drug test and a Motor Vehicle Report (MVR) background check conducted in accordance with applicable law. Please note that Sunrun reserves the right to run an annual background check for employees who have physical contact with customers, and at any time during an employee's employment if there is a business need. The Company will comply with all local Fair Chance ordinances and other local ordinances regarding background checks and drug testing.

**CSLB CONTINGENCY**
This offer of employment is contingent upon either successful completion of the CSLB Contractors State License Board application process or holding a current valid Home Improvement Sales license.

**OTHER TERMS OF EMPLOYMENT**
You agree not to engage in any other employment, consulting or other business activity directly related to the business in which the Company is now involved or becomes involved during the term of your employment (whether full-time or part-time), nor will you engage in any other activities that conflict with your obligations to the Company without the prior written permission of the Company.

Employment with the Company is for no specific period of time. Your employment with the Company is "at will," meaning that either you or the Company may terminate your employment at any time for any reason. Although the Company may change your job duties, title, compensation and benefits, as well as its personnel policies and procedures, the "at will" nature of your employment may only be changed in a written agreement signed by you and a duly authorized officer of the Company (other than you).

Sunrun extends this offer to you based upon your knowledge, background, experience, skills and abilities. You must not disclose or use confidential information or trade secrets of a current or prior employer while working for Sunrun. Do not bring to Sunrun any business records or materials from a current or prior employer. By signing this letter agreement, you promise the Company that you have no contractual obligations with a former employer, such as a non-compete or confidentiality agreement that would prohibit you from performing your duties for the Company.

As a Company employee, you will be expected to abide by the Company's rules and standards. Specifically, you will be required to sign an acknowledgment that you have read and that you understand the Company's rules of conduct which are included in the Company's Employee Guidebook.
In addition to this letter, to accept this offer of employment you must: (1) complete and sign the Company's employment application, (2) sign the Company's Employee Guidebook and related policies, and (3) sign the Company's Confidentiality, Inventions Assignment, and Arbitration Agreement (the

"Confidentiality Agreement"). This letter, together with your executed Confidentiality Agreement, will form the complete and exclusive statement of your employment agreement with Sunrun. The employment terms in this letter supersede any other agreements or promises made to you by anyone, whether oral or written.

**ARBITRATION**
In the event of any dispute or claim relating to or arising out of our employment relationship, you and the Company agree that (i) any and all disputes between you and the Company shall be fully and finally resolved by binding individual arbitration and not in a class action or collective action, except as expressly prohibited by applicable law, (ii) you are waiving any and all rights to a jury trial but all court remedies will be available in arbitration, (iii) all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion, (iv) the arbitration shall provide for adequate discovery, and (v) the Company shall pay all the arbitration fees, except an amount equal to the filing fees you would have paid had you filed a complaint in a court of law.  The specific provisions, including provisions regarding the class and collective action waiver, as well as specific language excluding Private Attorney General Act (PAGA) claims from the class and collective action waiver in California are set forth in the attached Employee Confidentiality, Inventions Assignment and Arbitration Agreement that you are required to sign.  Please note that we must receive your signed Confidentiality Agreement before the end of your first day of employment.

You are hereby notified that federal law provides certain protections to individuals who disclose a trade secret to their attorney, a court, or a government official in certain, confidential circumstances. Specifically, federal law provides that an individual shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret under either of the following conditions: (a) Where the disclosure is made (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) Where the disclosure is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.  See 18 U.S.C. § 1833(b)(1)).  Federal law also provides that an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual (x) files any document containing the trade secret under seal; and (y) does not disclose the trade secret, except pursuant to court order.  See 18 U.S.C. § 1833(b)(2).

Sincerely,
Brian Donoho

☑ **ACCEPTED:** Daniel Doria 4/26/2019 5:15 PM
(checking the checkbox above is equivalent to a handwritten signature)

**AFFIRMATION CONCERNING CONFIDENTIAL INFORMATION, TRADE SECRETS, AND NON-SOLICITATION**

By signing below, I affirm as follows:

1. I do not currently possess any confidential or proprietary information and/or trade secrets that are the property of my former employer ("Former Employer Confidential Information"). I understand that this includes such things as devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, any other documents or property, or reproductions of any and all aforementioned items. Specifically, I've reviewed my phone, personal email, USB or other external drives, personal computer or tablet, and all cloud

storage, and confirmed that I do not have any Former Employer Confidential Information in my possession. I have returned to my former employer any and all Former Employer Confidential Information in my possession.

2. I have not brought and will not bring into Sunrun, in physical or electronic form, any Former Employer Confidential Information. (Note: The term "Sunrun" includes Sunrun Inc. and its subsidiaries and affiliates)

3. To the extent my contractual obligations with my former employer contain a post-termination non-solicitation of employees, contractors, and customers, I understand my obligations and agree that I have not, and will not, violate the terms of the non-solicitation restriction.

4. I will not use or disclose any third party's confidential or proprietary information or intellectual property when acting within the scope of my employment or otherwise in conjunction with the performance of my duties with Sunrun.

5. I understand that my failure to honor the foregoing representations may constitute a violation of state or federal law and may lead to discipline or termination by Sunrun. I further understand that this Affirmation does not modify the terms of my Sunrun offer letter, and all other terms of employment in my offer letter shall continue to apply. In particular, I understand that Sunrun has no obligation to provide me with an opportunity to cure any of the above causes for termination, that I remain an employee "at-will," and that nothing in this Affirmation prevents Sunrun from terminating my employment with or without cause. Finally, I understand that should Sunrun decide to offer me the opportunity to cure a cause of termination, this decision shall not be deemed a waiver of any of Sunrun's rights under this provision or my offer letter.

By signing below, I affirm that the above representations are true and correct to the best of my knowledge.

☑ **I Accept Daniel Doria 4/26/2019 5:15 PM**
(checking the checkbox above is equivalent to a handwritten signature)

# EXHIBIT B



Brian Donoho <brian.donoho@sunrun.com>

## Expectations
6 messages

**Brian Donoho** <brian.donoho@sunrun.com>         Mon, Sep 30, 2019 at 9:15 AM
To: Daniel Doria <daniel.doria@sunrun.com>
Bcc: Brian Donoho <brian.donoho@sunrun.com>

Daniel,

I need you to really step up today; we can't emd at 0 deals on the month when the min expectation is 6. Let me know what I can do to help; the last thing I want is to have to put you on a performance plan if next month doesn't pick up. If being back in the office is the trick let's do it or if you need me listening to more calls!?

Whatever you need but you need to ask for help.

You were doing so well last month I've left you alone unless you've needed help but starting this week I think we need more call calibrations together which I'll schedule.

You got this!
BD

--



**Brian Donoho**
**Sunrun, Inc.**
**Regional Sales Manager**
**cell: 630-251-3066 (tel:(630)%20251-3066) I fax: 8 (tel:(888)%20398-8108)77-334-8745**
www.sunrun.com (http://www.sunrun.com/)

**Help another family save with cheaper and cleaner power and receive $350!**

---

**Daniel Doria** <daniel.doria@sunrun.com>         Mon, Sep 30, 2019 at 9:53 AM
To: Brian Donoho <brian.donoho@sunrun.com>

# EXHIBIT C



Geena Holman <geena.holman@sunrun.com>

## Fwd: Pending Task : PK33ZNLFK3AN-H
9 messages

**Daniel Doria** <daniel.doria@sunrun.com>  Wed, Oct 16, 2019 at 9:22 AM
To: Geena Holman <geena.holman@sunrun.com>, Brian Donoho <brian.donoho@sunrun.com>

Geena,

Brian's behavior, lack of professionalism, and generally offensive statements, are beginning to be too much for me. Please get involved. Please know that I am proceeding with my claims, and look forward to a potential resolution. Lastly, Brian has begun to threaten the pay for the projects that I do sell. I construe Brian's recent and current behavior as a pattern of economic retaliation, and harassment.

Best,

Daniel Doria

---------- Forwarded message ---------
From: **Brian Donoho** <brian.donoho@sunrun.com>
Date: Wed, Oct 16, 2019 at 8:59 AM
Subject: Re: Pending Task : PK33ZNLFK3AN-H
To: Daniel Doria <daniel.doria@sunrun.com>


I am handling Michael Romero from here since you are unable to follow my instructions to get him resigned.

As for the wet signature, he is wrong as we got an extension on this and can still use docusign for the time being. That will change here soon but you will be notified by the training dept.

On Tue, Oct 15, 2019 at 5:53 PM Daniel Doria <daniel.doria@sunrun.com> wrote:
> Now they're saying they need a wet signature on the CPUC. Sunrun said we're just doing Docu-Sign for this step.
>
>
> ---------- Forwarded message ---------
> From: **Jermaine Martin** <jermaine.martin@sunrun.com>
> Date: Tue, Oct 15, 2019 at 3:36 PM
> Subject: Pending Task : PK33ZNLFK3AN-H
> To: daniel.doria@sunrun.com <daniel.doria@sunrun.com>
>
>
> 
>
> Dear Daniel Doria,
>
>
>
> Jermaine Martin has assigned you the following new task:
>
> Task Details
>
>
> **Customer Name:** Michael Romero
> **Proposal Name:** PK33ZNLFK3AN-H
> **Status:** Open
> **Priority:** Normal

**Description:** Please review the pending proposal PK33ZNLFK3AN-H. Pending Reason(s): Rebate Docs - Incomplete Utility Bill - Incomplete Pending Comments: CPUC missing signature on page 23 on customer wet sign line.If you have any questions or need any assistance please contact the Project Ops Support Team at email: sunrunhelp@sunrun.com phone: (888) 840-7180 chatter: @Direct Help ********************************************** there is only one month of Usage on bill uploaded. can please upload rest of usage for genability.If you have any questions or need any assistance please contact the Project Ops Support Team at email: sunrunhelp@sunrun.com phone: (888) 840-7180 chatter: @Direct Help

For more details, click the following link:
https://sunrun.my.salesforce.com/00T0d00007OXOf2EAH


Thank you,
SunRun Operations Team

--
--

Daniel Doria
SunRun - Creating a Planet Run by The Sun
Inside Consultant, HQ Scottsdale
M  702-279-5326 | P  480-372-5070


--



**Brian Donoho**
**Sunrun, Inc.**
**Regional Sales Manager**
**cell: 630-251-3066 l fax: 877-334-8745**
www.sunrun.com

**Help another family save with cheaper and cleaner power and receive $350!**


--



**Daniel Doria**
**Sunrun, Inc.**
**Scottsdale, AZ Corporate Office, Direct Consultant**
**cell: 702-279-5326 l desk: 480-372-5070**
www.sunrun.com

**Help another family save with cheaper and cleaner power and receive $350!**

---

**Daniel Doria** <daniel.doria@sunrun.com>   Wed, Oct 16, 2019 at 9:23 AM

To: Brian Donoho <brian.donoho@sunrun.com>
Cc: Geena Holman <geena.holman@sunrun.com>

Please cease all abusive and harassing communications.

Daniel T. Doria

[Quoted text hidden]

---

**Geena Holman** <geena.holman@sunrun.com>     Wed, Oct 16, 2019 at 10:17 AM
To: Daniel Doria <daniel.doria@sunrun.com>, Brian Donoho <brian.donoho@sunrun.com>

Good Morning Daniel,

Thank you for providing me with this information. Brian and I are scheduled to meet later this afternoon to discuss further. As stated yesterday, I will provide you with next steps as soon as I have officially closed out your investigation.

Best Regards,

Geena



**Geena Holman**
**Sunrun Inc.**
**Sr. HR Business Partner, Talent**
**P: 602-643-2001 M: 480-235-5839**
www.sunrun.com

[Quoted text hidden]

---

**Daniel Doria** <daniel.doria@sunrun.com>     Wed, Oct 16, 2019 at 10:36 AM
To: Geena Holman <geena.holman@sunrun.com>

Thank you, Geena.

Daniel
[Quoted text hidden]

---

**Geena Holman** <geena.holman@sunrun.com>     Wed, Oct 16, 2019 at 4:06 PM
To: Daniel Doria <daniel.doria@sunrun.com>

Good Afternoon Daniel,

I wanted to follow up with you as I have just spoken to Brian. In the interim, pending the investigation, I believe it would be best for us to all communicate via Google doc (Brian will be sharing the document with you, myself and his Manager Jason Parr) to ensure that you continuously have documented support and are able to successfully perform the duties of your role.

Best Regards,

Geena



**Geena Holman**
**Sunrun Inc.**
**Sr. HR Business Partner, Talent**
**P: 602-643-2001 M: 480-235-5839**
www.sunrun.com

[Quoted text hidden]

**Daniel Doria** <daniel.doria@sunrun.com>  Wed, Oct 16, 2019 at 4:37 PM
To: Geena Holman <geena.holman@sunrun.com>

Hi Geena,

I'll do my best to comply, presuming it isn't a violation of my rights. My opinion is that if we are going to begin a special form of performance management for me, following reports of legal and ethical violations, it doesn't sound appealing on its face or appropriate given the circumstance. Please note that in the case of <u>William J. Ray v William J. Henderson, Post Master General, Case No. 99-15289, (2000) the 9th Circuit Appellate Court</u> held that "**... undeserved performance ratings, if proven, would constitute `adverse employment decisions."** With that said, my objections are known, and again, I'll do my best to comply.

Please also be aware that after further reviewing our agreements with each other, my offer to arbitrate these matters is withdrawn. It is also my position that the arbitration agreement is unenforceable for the role which I hold, pursuant to the terms of the Federal Arbitration Act, specifically, that which governs aspects of the Act in connection to interstate commerce. Please note, it's also my position that the document may be enforceable with certain field roles, but I will stand firmly on the position that it does not apply to the role of Inside Sales.

Best,

Daniel Doria

[Quoted text hidden]

---

**Geena Holman** <geena.holman@sunrun.com>  Wed, Oct 16, 2019 at 4:45 PM
To: Daniel Doria <daniel.doria@sunrun.com>

Good Afternoon Daniel,

Thank you for providing me with this information. To clarify, being that you stated in a previous email that you would like to cease all contact with your Manager Brian Donoho, we provided an additional avenue of communication with Brian's Manager and myself to ensure you have support.

Additionally, for clarification purposes, are you requesting to withdraw your concerns that I am currently in the process of investigating? Please be aware that I am merely asking a clarifying question and not suggesting or enforcing any actions from you.

Best Regards,

Geena
[Quoted text hidden]
--
[Quoted text hidden]

---

**Daniel Doria** <daniel.doria@sunrun.com>  Wed, Oct 16, 2019 at 6:49 PM
To: Geena Holman <geena.holman@sunrun.com>

Geena,

Thanks for requesting clarity. I did not request Brian to cease communications, I requested Brian 'cease all abusive and harassing communications'. Stating that I possess an inability to follow instructions, given the circumstances surrounding that event, was false, abusive, and harassing, in my opinion. I take no issue with him acting appropriately, however. I am not requesting any concerns to be withdrawn.

I previously indicated an interest in arbitrating the matter, only in the event we are unable to resolve the concerns without engaging in a formal dispute resolution. I am still hopeful for a resolution. In the event that fails, I'm stating that arbitration would not be the venue I seek for dispute resolution, but rather a court of competent jurisdiction. This is due to established exceptions to the enforceability of arbitration agreements. Sunrun would likely disagree, as they have created the very arbitration agreement I'm referencing, but regardless, it would be in bad faith not to share my position with you at this time, given the circumstances.

Best,

10/17/2019                                           SunRun Mail - Evol. Pending Task: PK33ZNJ2K3ANPH

Case 2:19-cv-05643-DJH   Document 30   Filed 01/21/20   Page 17 of 17

Daniel Doria

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

--



**Daniel Doria**
**Sunrun, Inc.**
**Scottsdale, AZ Corporate Office, Direct Consultant**
**cell: 702-279-5326 l desk: 480-372-5070**

www.sunrun.com

**Help another family save with cheaper and cleaner power and receive $350!**

--



Geena Holman
Sunrun Inc.
Sr. HR Business Partner, Talent
P: 602-643-2001 M: 480-235-5839

www.sunrun.com

[Quoted text hidden]

---

**Geena Holman** <geena.holman@sunrun.com>                                Thu, Oct 17, 2019 at 8:33 AM
To: Daniel Doria <daniel.doria@sunrun.com>

Good Morning Daniel,

Thank you for providing me with this information. I will provide you with an update and next steps regarding your concerns as soon as I wrap up the investigation.

Best Regards,

Geena



Geena Holman
Sunrun Inc.
Sr. HR Business Partner, Talent
P: 602-643-2001 M: 480-235-5839

www.sunrun.com

[Quoted text hidden]

https://mail.google.com/mail/u/0?ik=1c4af70fe8&view=pt&search=all&permthid=thread-f%3A1647567675368103149&simpl=msg-f%3A164756767536…   5/5