DocuSign Envelope ID: FC82001D-5481-451D-AD64-4072E0D32C63

```
RONALD D. ARENA, Bar No. 218421
CONOR D. MACK, Bar No. 253878
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email:      rarena@arenahoffman.com
            cmack@arenahoffman.com
```

Attorneys for Defendant
SUNRUN INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL T. DORIA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SUNRUN INC.,<br><br>    Defendant. | Case No. CV-19-05643-PHX-DJH<br><br>**DECLARATION OF ESHELLE YOUNG IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND MOTION FOR RECONSIDERATION** |

I, Eshelle Young, declare and state as follows:

1. I am Director, Employee Relations & Compliance for Sunrun Corporation ("Sunrun" or the "Company") and make this declaration in opposition to the Motions of Plaintiff DANIEL DORIA ("Plaintiff" or "Doria") for a Preliminary Injunction and for Reconsideration. This declaration is based upon my own personal knowledge and my review of Company records over which I have responsibility in my capacity as Director, Employee Relations & Compliance. If called upon to testify regarding the matters set forth herein, I could and would competently do so.

2. In October 2019, I was asked to take over an investigation that was being conducted into a series of complaints being asserted by Daniel Doria. The investigation had been started by one of the other members of the Sunrun Talent team, Geena Holman, Sr. HR Business Partner. Ms. Holman asked me to take over the

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

DocuSign Envelope ID: FC82001D-5481-451D-AD64-4072E0D32C63

investigation because it had become overwhelming for her. She was having difficulty keeping track of the many complaints Doria was making and was concerned about threats and accusations he started making about her. She asked me to come in as a neutral party given the scope of the investigation and the many moving parts.

3. Over the course of the next several weeks, I reviewed all of Ms. Holman's investigation files and conducted my own investigation into Doria's many complaints. His complaints ranged from allegedly false promises being made to him at the outset of his employment, to instructions allegedly given to him during his sales training to defraud customers, to complaints about his manager's communication with him, and a number of additional complaints about staff and team members. I spoke to Doria multiple times during this period to make sure that I had a complete and thorough understanding of his concerns. Despite his complaints, I was unable to verify that any of them indicated a violation of any Sunrun policy. In fact, the individuals who he accused of wrongful conduct denied it occurred or stated that Doria had distorted or exaggerated their concerns. It became quite clear that Doria's complaints were based on false premises or based on distorted or exaggerated allegations. It was also clear that they were intentionally false, misleading, distorted, and exaggerated, and that Doria was creating a very challenging and toxic working environment for his peers, supervisors, and colleagues. I also learned during the course of my investigation that multiple employees made their own complaints about Doria having threatening and intimidating communications with them to the point at which they felt bullied, harassed, and threatened. Some were afraid of having any communications with Doria out of fear that he would misconstrue their communications then threaten them with it. My investigation found that there were no violations of Sunrun policies raised by any of Doria's complaints that I could discern. Instead, it appeared based on my investigation that Doria was manufacturing false, exaggerated, and distorted complaints that were made for the purpose of harassing, intimidating, and bullying Sunrun employees.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

YOUNG DECLARATION   2.   Case No. CV-19-05643-PHX-DJH

DocuSign Envelope ID: FC82001D-5481-451D-AD64-4072E0D32C63

4. I am aware that in the lawsuit Doria is complaining about a member of the Talent team sharing information about his disability accommodation with me. It is not unusual at all for my direct reports and members of the Talent team to share information about disability accommodations with me since I have oversight of that process and it is part of my job. Any information shared with me about Doria's accommodation was limited to the accommodation itself. No medical information related to Doria's condition was shared with me. The information shared with me was in the ordinary course of our business operations.

5. I did not participate in the decision to terminate Doria's employment with Sunrun.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___1/16/2020___, at San Francisco, California.

_____
ESHELLE YOUNG

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

YOUNG DECLARATION  3.  Case No. CV-19-05643-PHX-DJH